IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

LIONEL EDWARDS,

    Plaintiff,

v.

                                                  CIVIL NO. 2:18cv121

NANCY A. BERRYHILL,
*Acting Commissioner,*
*Social Security Administration,*

    Defendant.

## ORDER

This matter is before the Court on the objections of both parties to Magistrate Judge Leonard's Report and Recommendation, which recommends that the Court grant plaintiff's Motion for Summary Judgment, deny the defendant's Motion for Summary Judgment, vacate the final decision of the Commissioner of Social Security Administration ("Commissioner") denying plaintiff's claim for benefits, and remand the matter to the Commissioner for further proceedings. For the reasons set forth below, the Court **OVERRULES** the parties' objections to Judge Leonard's Report and Recommendation and **ADOPTS** the findings and recommendations therein.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The facts and history of this case are fully set forth in Judge Leonard's Report and Recommendation. ECF No. 34. Therefore, the Court provides only a summary of the relevant events below.

On July 28, 2014, Lionel Edwards ("Plaintiff") applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") from the Social Security Administration. R. at 62. In his application, Plaintiff claims that he became disabled on March 12, 2014, due to

1

injuries to his lower back and hips. Id. The Social Security Administration ultimately denied his application for benefits on October 3, 2014, and again denied his application upon reconsideration on April 9, 2015. R. at 82–84, 96–98. Plaintiff then filed a timely request for a hearing before an administrative law judge. R. at 103–04. Such hearing was conducted before Administrative Law Judge Kerith Cohen (the "ALJ") on February 9, 2017. R. at 30, 122. Plaintiff, Plaintiff's fiancée, Iris Mullins, and an impartial vocational expert, Linda Augins, all appeared and testified at the hearing. R. at 31, 34–61. Plaintiff's medical records and summaries of his employment background were also entered into the record as exhibits. R. at 174–185, 210, 271–619.

On March 28, 2017, the ALJ issued her decision, which denied Plaintiff's application for DIB and SSI. R. at 13–25. In reaching this decision, the ALJ determined that Plaintiff was able to perform certain types of light work as defined by the SSA regulations despite his physical limitations, and that such work exists in sufficient numbers in the national economy for Plaintiff to obtain substantial gainful employment. R. at 18–21, 24–25. Plaintiff filed a request with the Appeals Council to reconsider the ALJ's decision. R. at 5–9. The Appeals Council found no basis to alter the ALJ's decision, at which time such decision became the final decision of the Commissioner. R. at 5. At no point during the administrative process did Plaintiff assert an Appointments Clause challenge.

On March 6, 2018, Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision. ECF No. 3. The Court referred the matter to Magistrate Judge Leonard for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). ECF No. 10. The parties each filed a motion for summary judgment, which were fully briefed by the parties. See Pl. Mot. for Summary Judgment, ECF No. 29; Commissioner's Cross Mot. for Summary Judgment, ECF No. 31.

On March 7, 2019, Judge Leonard issued his Report and Recommendation, which recommends that the Court (1) DENY the Commissioner's motion for summary judgment, (2) GRANT Plaintiff's motion for summary judgment, and (3) VACATE and REMAND the Commissioner's final decision on the ground that substantial evidence does not support the ALJ's findings. ECF No. 34 at 25. By copy of such report, each party was advised of the right to file written objections to Judge Leonard's findings and recommendations. Id.

On March 14, 2019, the Commissioner filed an objection claiming that Judge Leonard erred in finding that the ALJ's decision was not supported by substantial evidence. ECF No. 35. On March 21, 2019, Plaintiff filed an objection claiming that Judge Leonard erred in finding that Plaintiff waived his Appointments Clause challenge, but Plaintiff concurs with Judge Leonard's other findings and recommendations. ECF No. 36. Each party having filed their respective responses, the parties' objections are now before the Court.

## II. STANDARDS OF REVIEW

### A. REVIEW OF THE REPORT AND RECOMMENDATION

After the magistrate judge issues a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [proper] objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). After review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 788 (E.D. Va. 2003) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (internal citations omitted)). Moreover, "[a]

3

mere restatement of the arguments raised in the summary judgment filings does not constitute an objection for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); see also Hartfield v. Colvin, No. 2:16–CV–431, 2017 WL 4269969, at *7 (E.D. Va. Sep. 26, 2017) ("The Court may reject perfunctory or rehashed objections . . . that amount to 'a second opportunity to present the arguments already considered by the Magistrate Judge.'") (internal citation omitted). If no proper objection is made, the district court need only review the report and recommendation for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### B. Review of the ALJ's Decision

When reviewing the Commissioner's denial of benefits under the Social Security Act, the Court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation omitted). As the Fourth Circuit has explained:

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]. . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].

Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotations omitted).

In deciding whether to uphold the Commissioner's final decision, the Court considers the entire record, "including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.'" Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (internal quotation omitted)). If substantial evidence in the record does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

## III. THE COMMISSIONER'S OBJECTION

The first issue before the Court is the Commissioner's objection to Judge Leonard's finding that the ALJ's decision was not supported by substantial evidence. ECF No. 35. The Commissioner takes issue with two parts of this finding: (1) that the ALJ ignored an apparent conflict between the Dictionary of Occupational Titles ("DOT") and the vocational expert's ("VE") testimony and (2) that the ALJ improperly relied on the VE's testimony without questioning the VE about any such conflicts. The Commissioner contends, by contrast, that the VE's opinion was consistent with the DOT and therefore (1) there was no apparent conflict and (2) the ALJ properly relied on her testimony. Id. at 5. The Court has conducted a de novo review of the relevant issues and, for the reasons below, agrees with Judge Leonard's findings.

First, the Court agrees that there was an apparent conflict between the VE's testimony about the availability of light work for persons matching Plaintiff's RFC and the DOT definition of "light work." The DOT defines "Light Work" as:

> Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly . . . to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

DOT, Appendix C, Part IV (Physical Demands – Strength Rating). At the hearing, the VE testified that there are certain "reduced light" jobs that exist in the national economy in which an individual would only have to stand or walk for four hours during the eight-hour workday and in which the individual would not have to perform "fast-paced, strict quota-based, assembly line or production-type work," among other limitations. R. at 58–59. The VE then provided three examples of this type of work: ticket seller, mail sorter, and parking lot cashier. R. at 59.

5

When squaring the VE's testimony with the DOT definition of "light work" above, the VE's description of "reduced light work" should satisfy option two of the DOT definition because option one (walking or standing to a significant degree) and option three (performing production-type work) were seemingly precluded by the hypothetical limitations. Yet, the VE did not testify that the reduced light work she contemplated necessarily "entails pushing and/or pulling of arm or leg controls" as described in option two. R. at 56–60. Nor does working as a ticket seller, mail sorter, or parking lot cashier necessarily involve such activity. Therefore, the VE's testimony regarding the reduced light work available for Plaintiff's RFC seems to conflict with the DOT definition of "light work," yet the ALJ failed to identify or resolve such apparent conflict as required. Thomas v. Berryhill, 916 F.3d 307, 313 (4th Cir. 2019), as amended (Feb. 22, 2019) ("[T]he ALJ must recognize and resolve ways in which a VE's testimony 'seems to, but does not necessarily,' conflict with the 'express language' of the DOT – even if the conflict is not 'obvious.'") (quoting Pearson v. Colvin, 810 F.3d 204, 210 (4th Cir. 2015)).

Second, the Court agrees with Judge Leonard's finding that the ALJ improperly relied on the VE's testimony by not asking the VE whether her testimony conflicted with the DOT. ECF No. 34 at 23–24. As set forth in Thomas, the ALJ had an affirmative duty to do so in order to elicit a reasonable explanation of any existing conflicts. Thomas, 916 F.3d at 313. It is not enough, as the Commissioner suggests, that the ALJ relied on medical evidence concluding that Plaintiff can "push and pull" and operate hand and/or foot controls. ECF No. 35 at 5 (citing R. at 23, 66, 77). The ALJ relied on the VE's testimony that certain light work, as contemplated by the VE, is sufficiently available in the national economy. R. at 24–25. But the ALJ could not do so without first asking about and resolving any apparent conflicts between such testimony and the DOT. Therefore, the Court agrees with Judge Leonard's finding in the Report and Recommendation that

the ALJ improperly "unquestioningly" relied on the VE's testimony and that substantial evidence therefore does not support the ALJ's findings. ECF No. 34 at 25 (citing Thomas, 916 F.3d at 313). Accordingly, the Commissioner's objection is **OVERRULED**. ECF No. 36.

IV. **PLAINTIFF'S OBJECTION**

The Court now turns to the Plaintiff's objection to Judge Leonard's Report and Recommendation. See ECF No. 36. Plaintiff argues that Judge Leonard erred in finding that Plaintiff waived his Appointments Clause challenge by failing to raise it before the Social Security Administration during the administrative process. Id. In support of his objection, Plaintiff argues that Judge Leonard incorrectly relied on case law outside of the social security context when deciding that "issue forfeiture" applies to social security appeals despite there being no statute or regulation requiring it. Id. at 2–4. Plaintiff further argues that, even if judicially-created exhaustion applies in the social security context, Judge Leonard erred in finding that no exception to the exhaustion requirement applies to Plaintiff's case. Id. at 5–7.

At the outset, the Court notes that every substantive argument contained in Plaintiff's objection was previously presented at the summary judgment stage and considered by the magistrate judge. First, Judge Leonard's Report and Recommendation discusses at length Plaintiff's view of the relevant case law that is simply restated in his objection, particularly Plaintiff's urging "to follow the precedent set forth in Sims v. Apfel, 530 U.S. 103 (2000), to extend the Sims holding to its logical conclusion, and to find [that] no waiver exists specifically in the context of SSA cases." R&R, ECF No. 34 at 14; cf. Pl. Objection, ECF No. 36, at 6–7. Second, Judge Leonard fully addresses Plaintiff's arguments about futility and the constitutional nature of the Appointments Clause challenge as applicable "exceptions" to any judicially-created exhaustion requirement in this case. R&R, ECF No. 34, at 19–22; cf. Pl. Objection, ECF No. 36, at 5–7. For this reason, it is difficult to view Plaintiff's objections to the Report and Recommendation as

7

anything other than a rehashing of the arguments raised in his summary judgment filings, which, as explained above, does not qualify as an objection for purposes of this Court's review. See Nichols, 100 F. Supp. 3d at 497.

Nevertheless, this Court has conducted a de novo review of the issues raised in Plaintiff's objection and agrees with Judge Leonard that Plaintiff has waived his Appointments Clause challenge by not raising it before the Social Security Administration. Notably, this Court has already considered and rejected Plaintiff's exact arguments regarding waiver of the Appointments Clause issue in other social security cases. See., e.g., Shelton v. Berryhill, No. 2:17cv609 (E.D. Va. March 25, 2019) (Doumar, J.), ECF No. 40 (adopting Magistrate Judge Krask's report and recommendation); Parker v. Berryhill, No. 4:17cv143 (E.D. Va. March 21, 2019) (Davis, C.J.), ECF No. 44 (adopting Magistrate Judge Krask's report and recommendation). The Court finds no reason to depart from this precedent. Accordingly, Plaintiff's objection to Judge Leonard's Report and Recommendation is **OVERRULED**. ECF No. 36.

## V. CONCLUSION

As set forth above, the Court has conducted a de novo review of the relevant portions of the Report and Recommendation to which objection has been made and concurs with the findings and recommendations of the magistrate judge. Therefore, the Court **OVERRULES** both the Commissioner's objection, ECF No. 35, and the Plaintiff's objection, ECF No. 36, to Judge Leonard's Report and Recommendation.

Furthermore, the Court has reviewed the remainder of the Report and Recommendation along with the record of this case and finds no clear error. Accordingly, the Court hereby **ADOPTS** Judge Leonard's Report and Recommendation, ECF No. 34, and **ORDERS** as follows:

The Commissioner's Motion for Summary Judgment is **DENIED**. ECF No. 31. Plaintiff's Motion for Summary Judgment is **GRANTED**. ECF No. 29. The Commissioner's decision

denying disability benefits to Plaintiff is **VACATED**, and this case is **REMANDED** to the Social Security Administration for further proceedings.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

Norfolk, VA
April 29 2019

/s/
Robert G. Doumar
Senior United States District Judge